IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

MICHAEL D. SHAW,

   Plaintiff,

v.                                         Case No.    5:22cv00075

PATRICIA CHINENYE IREGBU,

   Defendant.

## NOTICE OF REMOVAL

Amerisure Insurance Company ("Amerisure"), by counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and § 1332 to remove this action from the Circuit Court for the County of Frederick, Virginia (the "Circuit Court") to the United States District Court for the Western District of Virginia, Harrisonburg Division.

As addressed below, this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332, as there is complete diversity of citizenship among the parties, and it is plain that the plaintiff Michael D. Shaw ("Plaintiff") seeks more than $75,000.00, exclusive of interest and costs, for his alleged injuries. In further support of this Notice of Removal, Amerisure states as follows:

### INTRODUCTION

1.     Plaintiff initiated this action by filing his Complaint in the Circuit Court on December 2, 2021. The state court action was assigned case number CL21000777-00

2.     Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served in the original state court action as of this date are attached as **Exhibit A**.

3. Plaintiff's Complaint alleges personal injuries resulting from a motor vehicle accident allegedly occurring on December 5, 2019 between Plaintiff's vehicle and the motor vehicle belonging to defendant Patricia Chinenye Iregbu ("Iregbu"). Complaint ¶¶ 1, 2 & 4.

4. As to Amerisure, Plaintiff's Complaint alleges that Plaintiff was covered under the uninsured/underinsured provisions of a motor vehicle public liability policy issued by Amerisure. Complaint ¶ 8.

## GROUNDS FOR REMOVAL

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

A. <u>There is complete diversity among the parties.</u>

5. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §1332(a)(1).

6. There is complete diversity because at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal: (a) Plaintiff was and remains a citizen of the State of West Virginia. *See* Declaration of Counsel for Amerisure, attached as **Exhibit B**; (b) Amerisure was and remains a Michigan Corporation with a principal place of business in Farmington Hills, Michigan, and a citizen of the state of Michigan. *See id.*; and (c) Iregbu was and remains a citizen of the State of Maryland. *See* Iregbu Affidavit of Service, attached as **Exhibit C**.

B. <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

7. Removal is timely pursuant to 28 U.S.C. § 1446(c)(1) because this Notice of Removal is being filed less than one year after commencement of this action.

8.      Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty days of December 5, 2022, i.e., the date on which Amerisure was served with the Complaint and Summons.  *See* Amerisure Affidavits of Service, attached as **Exhibit D**.[1]

9.      Pursuant to 28 U.S.C. § 1446(b)(2)(C), undersigned counsel affirms that Iregbu has timely consented to removal of this matter insofar as she notes her consent at the time this Notice has been filed or will do so within thirty days of service of the Summons and Complaint.  *See Moore v. Svehlak*, No. ELH-12-2727, 2013 WL 3683838, *14 (D. Md. July 11, 2013) (under existing Fourth Circuit precedent, an earlier served defendant has to "join or consent to the Notice of Removal at [the] later of (1) when it is filed; or (2) 30 days after the defendant was served with the Summons and Complaint.").

10.     Although Amerisure denies that Plaintiff is entitled to any award of damages, the amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff demands judgment in the amount of two million, five hundred thousand dollars ($2,500,000.00).  (Complaint ¶ 14.)

C.      <u>Venue and other requirements are satisfied.</u>

11.     This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embrace the Circuit Court for the County of Frederick, Virginia, the forum in which the removed action was pending.

---

[1] Plaintiff initially erroneously attempted to serve the Summons and Complaint on a former registered agent for Amerisure on December 2, 2022.  Plaintiff subsequently properly served Amerisure through its current registered agent on December 5, 2022.  In an abundance of caution, Amerisure files this Notice of Removal within thirty days of December 2, 2022.

*See* 28 U.S.C. § 120.  Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

12. Neither Amerisure nor Iregbu are citizens of the Commonwealth of Virginia, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

13. Pursuant to 28 U.S.C. § 1446 (b)(2) the undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action or will do so within thirty days after service.

14. Pursuant to 28 U.S.C. § 1446(d), Amerisure filed a written notice of removal with the state court in which this action is pending, a copy (without exhibits) of which is attached hereto as **Exhibit E**.  A copy of this Notice of Removal is being served upon all counsel as required by 28 U.S.C. § 1446(d).

15. By filing this Notice of Removal, Amerisure does not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

16. If any question arises regarding the propriety of the removal of this action, Amerisure respectfully requests the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Amerisure Insurance Company, by counsel, respectfully requests that this Court remove this action from the Circuit Court for the County of Frederick, Virginia to the United States District Court for the Western District of Virginia, Harrisonburg Division.

**AMERISURE INSURANCE COMPANY**

By Counsel

/s/ Alison W. Feehan
Stanley P. Wellman (VSB No. 27618)
Alison W. Feehan (VSB No. 35225)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
afeehan@hccw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2022, the foregoing document was duly served by mailing a copy to the following attorney of record and unrepresented parties not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

James A. Klenkar, Esq.
VSB 38040
Hall, Monahan, Engle, Mahan & Mitchell
P. O. Box 848
Winchester, VA 22604
540-662-3200 - Phone
540-662-4304 - Fax
jklenkar@hallmonahan.com
Counsel for Plaintiff

Sarah R. Jinkerson, Esq.
William E. Shanahan, Esq.
Law Office of William Shanahan
3702 Pender Dr Ste 140
Fairfax, VA 22030
703-218-8061 – Phone
703-273-1661 - Fax
Counsel for Patricia Chinenye Iregbu

/s/ Alison W. Feehan